UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JIMMIE DALE BRYANT, | ) | Civil Action No.: 4:11-cv-2254-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| TREXLER TRUCKING; | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I.     INTRODUCTION**

This matter is before the Court on Plaintiff's Amended Motion to Compel Discovery, Stay Depositions and Amend Scheduling Order (Document # 23). Defendant filed a Response (Document # 25). This motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). A hearing was held via telephone conference on January 3, 2011. The Motion was granted in part as stated on the record. Specifically, the undersigned granted the request to stay the depositions of Plaintiff and Mr. Parker, the driver of Defendant's vehicle, and to amend the Scheduling Order. An Amended Scheduling Order is being entered herewith. This Order addresses the remaining portion of Plaintiff's Motion, specifically, his request to compel the production of certain documents requested during discovery.

**II.     FACTS**

This action concerns a vehicular collision between Plaintiff and a truck owned and operated by the Defendant Trexler Trucking on April 24, 2009. Plaintiff's complaint was filed in the court of Common Pleas on August 4, 2011. Defendant files a Notice of Removal to this Court and its Answer on August 24, 2011.

Plaintiff served on Defendant his first set of discovery requests with the Complaint on August 4, 2011, and again to Defendant's counsel on September 6, 2011. On October 10, 2011, Plaintiff's counsel granted a thirty-day extension upon Defense counsel's request in which to respond to Plaintiff's discovery requests. A reminder was sent November 21, 2011, by email from Plaintiff's counsel to the Defendant's counsel, and Plaintiff's counsel received the Defendant's responses on November 23, 2011.

Plaintiff's Interrogatory #2 states "[s]et forth a list of photographs (still or videos), plats, sketches or other prepared documents in the possession of the party that relate to the claim or the defense in the case." To this, Defendant answered, in relevant part, "Defendant has surveillance videos which were taken in May 2010 (in anticipation of litigation)."

Plaintiff's Request for Production #1 asked for "Copies of any and all statements given by the Plaintiff(s) and/or Defendant(s) or any individual having any knowledge concerning the matters complained of herein which are in possession of Defendant(s) or Defendant(s)' attorney, whether written or recorded or on a tape recorder or otherwise."

To this request, Defendant responded,

> Defendant has a recorded statement given by Mr. Parker, a written statement given by Mr. Fisher, and a written statement given by Mr. Schirra. These statements were taken in anticipation of litigation (See Defendant's Answer to Interrogatory Number 1) and are, therefore, protected from production absent a showing of substantial need and undue hardship as required by the Federal Rules of Civil Procedure.

Of the individuals named in this reply, Mssrs. Schirra and Fisher are witnesses to the events at issue in the litigation, and Mr. Parker was driving Defendant's truck at the time of the incident.

Plaintiff's Interrogatory #39 stated, "[i]dentify any and all private investigator(s) or others used to surveil Plaintiff, and the dates thereof, and produce any video surveillance, photographs (still

or video) and written or typed notes or reports, etc., from said surveillance."

Defendant initially objected to this interrogatory as exceeding the number of interrogatories allowed under Rule 33(a)(1), Fed.R.Civ.P. On December 5, 2011, to resolve the matter without the court's involvement, Plaintiff's counsel wrote to Defendant's attorney requesting (among other related discovery matters not at issue in the present motion to compel) that the Defendant respond more fully to this request for the production of documents.

On December 9, 2011, Defendant answered Interrogatory # 39 as follows:

> Defendant objects to the information sought in this Interrogatory to the extent that it seeks to (sic) materials which were prepared in anticipation of litigation, so that any such documents are privileged as work product or attorney-client privilege and thereby protected from disclosure.

He further replied citing work-product privilege in the requested witness statements and surveillance, declining to produce those documents.

Plaintiff filed the present Motion to Compel, seeking production of the three witness statements and the video surveillance of Plaintiff.

### III.   DISCUSSION

####   A.   Work Product Doctrine

Defendant argues that the items sought by Plaintiff, the witness statements of Parker, Fisher, and Schirra and the surveillance video of Parker, are protected from discovery by the work product doctrine. Rule 26(b)(3) of the Federal Rules of Civil Procedure allows a party to withhold certain trial preparation material that is "prepared in anticipation of litigation or for the trial." The work product doctrine is divided into two types: (1) opinion work product and (2) non-opinion work product. Lamonds v. General Motors Corp., 180 F.R.D. 302, 304 (W.D.Va. 1998). In National Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 984 (1992),

the Fourth Circuit Court of Appeals explained the differences:

> [W]ork product [is divided] into two parts, one of which is "absolutely" immune from discovery and the other only qualifiedly immune. As a philosophical extension of the attorney-client privilege ... the pure work product of an attorney insofar as it involves "mental impressions, conclusions, opinions or legal theories ... concerning the litigation" is immune to the same extent as an attorney-client communication. Cf. Duplan [Corp. v. Moulinage et Retorderie], 509 F.2d [730,] 735-36 [ (4th Cir.1974), cert. denied, 420 U.S. 997, 95 S.Ct. 1438, 43 L.Ed.2d 680 (1975) ]. This is so whether the material was actually prepared by the attorney or by another "representative" of the party. Fed.R.Civ.P. 26(b)(3). All other documents and tangible things prepared in anticipation of litigation or for trial may be discovered, but only on a showing of "substantial need."

During the hearing, Plaintiff conceded that the documents and other tangible items withheld by Defendant are work product, but argued that he has a substantial need for those documents. Plaintiff must show that the materials are important and relevant "and that [he] is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3); National Union, 967 F.2d at 985.

### B.     Witness Statements

Plaintiff seeks production of the statements of Mr. Schirra and Mr. Fisher, two witnesses to the events which give rise to this lawsuit, and a recorded statement taken from Mr. Parker, the driver of Defendant's truck involved in the incident. Plaintiff argues that he has a substantial need for the witness statements because they were taken shortly after the collision occurred on April 24, 2009. In National Union, the Fourth Circuit observed that

> Statements of either the parties or witnesses taken immediately after the accident and involving a material issue in an action arising out of that accident, constitute "unique catalysts in the search for truth" in the judicial process; and where the parties seeking their discovery was disabled from making his own investigation at the time, there is sufficient showing under the amended Rule to warrant discovery. . . . On the other hand, statements taken later . . . are more likely to contain information otherwise available to National Union through it's own efforts to obtain statements or to take depositions.

National Union, 967 F.2d at 985 (citing McDougall v. Dunn, 468 F.2d 468, 474 (4th Cir.1972)). Generally, there is no substantial need for a document protected by the work-product doctrine when the requesting party can gather the information contained within the document by way of deposition. See, e.g., Trammell v. Anderson College, 2006 WL 1997425, *2 (D.S.C. July 17, 2006) (denying motion to compel where investigator's report was work product, and employee of investigator could be deposed); Hohenwater v. Roberts Pharmaceutical Corp., 152 F.R.D. 513, 516-17 (D.S.C. 1994) (finding no substantial need or undue hardship where requesting party could depose those who participated in preparation of work product memorandum).  However, a party may establish a substantial need for statements made contemporaneously with the incident at question because such statements "are unique in that they provide an immediate impression of the facts. A lapse of time itself may make it impossible to obtain a substantial equivalent of the material." 6 Moore's Federal Practice s 26.70[5][c] (Matthew Bender 3d ed.).

      The authority dictates a case by case analysis to determine substantial need.  In many cases, a statement made soon after the even qualifies as so unique that substantial need is present based solely on the "contemporaneous" nature of the statement.  The cases cited by Plaintiff involve statements that were taken immediately after an accident. For instance, in Coogan v. Cornet Transp. Co., Inc., 199 F.R.D. 166, 167 (D.Md. 2001), the court found that the requesting party had shown substantial need for a witness statement where it was taken at the scene of the accident.[1]  The court in Coogan found that the statement captured the witness's immediate perceptions of the accident.

---

[1] Plaintiff also cites National Union.  However, although the Fourth Circuit set forth the relevant law in that case, it did not specifically rule on any of the documents at issue, but, rather, remanded the case to the district court to review the documents. The court did note, however, that some of the documents at issue were created the day after the accident while others were created "later."  Id.

Id. Other courts have allowed discovery of witness statements taken not at the scene of the accident but "shortly" thereafter when the requesting party has made some additional showing of need, such as where the party was unable to secure a statement from the witness soon after the accident, a significant amount of time had passed since the statements were given, or where the witness has already been deposed and indicates a lack of memory. See, e.g., McDougall v. Dunn, 468 F.2d 468, 475 (4th Cir. 1972) (finding statements taken "shortly" after accident were discoverable by plaintiff who suffered brain injuries in accident and was helpless to secure contemporaneous statements from witnesses); City of Springfield v. Rexnord Corp., 196 F.R.D. 7, 10 (D. Mass. 2000) (finding documents discoverable where the comments sought were twenty years old and opposing party admitted that some of the witnesses' whereabouts were unknown); Sanford v. Virginia, No. 3:08-cv-835, 2009 WL 2947377, *4 (E.D.Va. September 14, 2009) (finding requesting party had demonstrated substantial need for witness statements where the witnesses had been deposed and demonstrated memory failure and testimonial inconsistencies); Suggs v. Whitaker, 152 F.R.D. 501, 509 (M.D.N.C. 1993) (only direct witness to the accident and witness refused to meet with requesting party). Cf. Goodyear Tire and Rubber Co. v. Chiles Power Supply, Inc., 190 F.R.D. 532 (S.D.Ill. 1999) (disclosure denied where no evidence offered to show lack of access to witnesses).

Most of the authority seems to recognize that the passage of a week or more does not qualify as sufficiently "contemporaneous" to justify penetrating work product protection when passage of time is the basis for the request for discovery. See Hamilton v. Canal Barge Co. Inc., 395 F.Supp. 975, 978 (E.D.La. 1974) (if closer in time statement is given more than a few days after the actual incident, more passage of time is not sufficient); Suggs, 152 F.R.D. at 509 ("contemporaneous

inasmuch as they were made within a week or so of the accident") (citing Guilford Nat'l Bank of Greensboro v. Southern Ry. Co., 297 F.2d 921 (C.A.N.C. 1962)).

The court in Mayne v. Omega Protein, Inc., No. 07-4210, 2009 WL 270245, *2 (E.D.La. Feb. 3, 2009) succinctly set forth the holding in Hamilton:

> In Hamilton v. Canal Barge Co., the court set forth a detailed analysis for use in determining whether a party might be entitled to statements taken by opposing counsel in preparation for litigation. 395 F.Supp. 975, 977 (D.C.La.1974). In that case, the court found that the plaintiff was entitled to statements taken by defense counsel on the day of the accident. Id. Relying on several studies showing that memory lapse dramatically affects the quality of an eyewitness's account of events, the court found that the plaintiffs had demonstrated a substantial need for the statements, which were taken almost contemporaneously with the accident. Id. (citing Wright, Federal Courts (2d Ed.1971) ("The notion that the statement taken nearest to the event will most accurately reflect the perception the witness had of the event is amply supported by psychological studies, as well as common sense. This fact lends strong support to the argument that lapse of time in itself creates necessity or justification for the production of statements taken near the time of the event.")). The court explained that, because of the natural tendency of a witness's memory to fade over time, the plaintiff could not obtain anything that would be substantially equivalent to the statements taken by defense counsel moments after the accident. Id. As the court in Hamilton explained, however, "[w]ere a statement given a week, or two weeks, after the accident at issue, the court might well require counsel to demonstrate ... that the witness was not available for deposition without undue hardship." Id. Further, if the court concluded that the witness were available, "the court might then require counsel to depose him and demonstrate to the court with some specificity just why they expect his statement to supply information his deposition did not." Id.

Turning to the facts in the present case, Mr. Parker's recorded statement was taken by an investigator four days after the April 24th, 2009, accident, which the court finds is sufficiently close in time under the circumstances to constitute a contemporaneous statement that would provide an immediate impression of the facts. Over two and a half years have passed since the accident occurred. Also, Plaintiff does not have a statement, recorded or otherwise, of Mr. Parker near in time

to the accident. Thus, Plaintiff has shown a substantial need for this statement because it would be difficult or impossible to obtain a substantial equivalent via deposition.[2]

However, Mr. Schirra's and Mr. Fisher's statements were taken in September of 2009, several months after the accident. Because these statements were not contemporaneous with the accident, they lack the unique value held by statements given close in time to an event. Plaintiff fails to present circumstances indicating that the facts included in Mr. Schirra's and Mr. Fisher's statements cannot be obtained by deposing Mr. Schirra and Mr. Fisher. Thus, Plaintiff has not shown a substantial need for those statements. Accordingly, Plaintiff's Motion to Compel is granted as it applies to Mr. Parker's statement and denied as to Mr. Schirra's and Mr. Fisher's statements.

### C.     Surveillance Video

Plaintiff also seeks production of the surveillance video identified by Defendant in its Answer to Plaintiff's Interrogatory # 2. The video was taken of Plaintiff in May of 2010 by an investigator hired by Defendant's counsel. Surveillance video is generally found to be work product where it is gathered in anticipation of litigation by or at the direction of counsel for the party. See e.g., Gibson v. National R.R. Passenger Corp., 170 F.R.D. 408, 409 (E.D.Pa.1997); Ward v. CSX Transportation, Inc., 161 F.R.D. 38, 40 (E.D.N.C.1995). "Where that party intends to use the films at trial, however, courts generally find that the work product privilege is waived given the plaintiff's (1) substantial need for evidence that may prove critical at trial, and (2) inability to obtain the substantial equivalent of this record of plaintiff's condition at a particular time and place." Tripp v. Severe, No. L-99-1478, 2000 WL 708807, *1 (D.Md. Feb. 8, 2000) (citing Gibson, 170 F.R.D. at 410).

---

[2]Although Plaintiff agrees that Mr. Parker's statement qualifies as work product, the court has concern with whether it was taken in anticipation of litigation. Nonetheless, Plaintiff has shown substantial need as discussed above.

Defendant is not refusing to produce the surveillance video but argues that production should be delayed until after Plaintiff's deposition to preserve any impeachment value[3] the video may have. Courts in this circuit have found to be appropriate delaying the production of surveillance video until the subject of the video has testified under oath. See Tripp, 2000 WL 708807 at *1 (since party was already deposed, the impeachment materials should be produced unless the withholding party will not use the evidence in any capacity at trial); Blount v. Wake Elec. Membership Corp., 162 F.R.D. 102, 104 (E.D.N.C. 1993) (delaying the timing of disclosure to preserve the impeachment value of the evidence and finding disclosure appropriate after the party's deposition); Boyle v. CSX Trasp., Inc., 142 F.R.D. 435, 437 (S.D.W.Va. 1992) (delaying production of impeachment evidence until the deposition of those surveilled); Ward v. CSX Transp., 161 F.R.D. 38, 39-40 (E.D.N.C. 1995) (finding that Rule 26(b)(1) includes surveillance materials to be used for impeachment but delaying production until the completion of deposition). This approach "prevents unfair surprise while serving the truth-seeking interests of the litigation process." Tripp, 2000 WL 708807 at *1 (citing Martino v. Baker, 179 F.R.D. 588, 590 (D.Colo.1998) (balancing of conflicting interests of parties best achieved by requiring defendant to produce surveillance tapes once plaintiff has been deposed); Ward v. CSX Transportation, Inc., 161 F.R.D. 38, 41 (E.D.N.C.1995)("[A]llowing discovery of surveillance materials after the deposition of the plaintiff, but before trial, best meets the ends of justice and the spirit of the discovery rules to avoid surprise at trial."); Wegner v. Cliff Viessman,

---

[3] District courts within this circuit have found that impeachment evidence must be produced whenever the evidence also has a substantive purpose or if it would be responsive to a specific discovery request. Newsome v. Penske Truck Leasing Corp., 437 F.Supp.2d 431, 434 (D.Md.2006); Morris v. Metals, USA, No. 2:09-cv-1267-DCN, 2011 WL 94559, *3 and n.2 (D.S.C. Jan. 11, 2011). Counsel for Defendant agreed during the hearing that the surveillance video had a substantive purpose. Further, Defendant identified the surveillance video in response to Plaintiff's interrogatories. Nevertheless, as stated, Defendant does not seek to withhold the video from production but to delay its production pending Plaintiff's deposition.

Inc., 153 F.R.D. 154, 159 (N.D.Iowa 1994)(disclosure of surveillance materials is "consistent with the broad discovery allowed under the Federal Rules of Civil Procedure that makes a trial 'less a game of blind man's b[l]uff and more a fair contest.' "); Boyle v. CSX Transportation, Inc., 142 F.R.D. 435, 437 (S.D.W.Va.1992)(to protect interests of parties, surveilling party, after having had opportunity to depose those surveilled, must make all surveillance materials available for inspection and copying).

The undersigned agrees that the ends of justice are best met by allowing Defendant to depose Plaintiff before producing the video. Thus, Plaintiff's Motion to Compel is granted as it relates to the surveillance video with the caveat that disclosure may be delayed until after Plaintiff's deposition.

**IV.   CONCLUSION**

For the reasons discussed above, Plaintiff's Motion to Compel (Document # 23) is **GRANTED** in part and **DENIED** in part. Specifically, Plaintiff's Motion is granted as to the statement of Mr. Parker and the surveillance video of Plaintiff. **Defendant must produce Mr. Parker's statement by 5:00 p.m. on Friday, January 20, 2012[4] and the surveillance video within 5 days following Plaintiff's deposition.** Plaintiff's Motion is denied as to the statements of Mr. Schirra and Mr. Fisher.

**IT IS SO ORDERED.**

    s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

January 18, 2012  
Florence, South Carolina

---

[4] If this deadline creates a substantial hardship, Defendant should notify the court immediately.