IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jimmie Dale Bryant, | ) | Civil Action No.: 4:11-cv-02254-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Trexler Trucking, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Renewed Motion for Judgment as a Matter of Law and for a New Trial [Doc. # 114] pursuant to Federal Rule of Civil Procedure 50(b). For the reasons discussed herein, the Court denies Plaintiff's Motion.

## **Background**

This action arose out a vehicular collision that occurred on April 24, 2009, between Plaintiff and a truck owned and operated by Defendant. Specifically, Plaintiff struck Defendant's truck as it was making a u-turn. In his Complaint, Plaintiff alleged that the driver of Defendant's truck, Walter Michael Parker, was negligent in operating Defendant's truck, and that Defendant itself was negligent in training, supervising and otherwise failing to instruct Mr. Parker in the proper manner required to operate Defendant's truck. Defendant denied any negligence.

During the trial of this case, Plaintiff moved for judgment as a matter of law, which this Court denied. On March 15, 2013, a jury returned a complete Defense verdict, and the Clerk accordingly entered judgment for Defendant on March 19, 2013. On March 27, 2013, Defendant filed the Motion at issue, alleging that Defendant was negligent as a matter of law and requesting a new trial.

**Standard of Review**

Rule 50(b) of the Federal Rules of Civil Procedure allows a court to consider a renewed motion for judgment as a matter of law after the entry of judgment. Fed. R. Civ. P. 50(b). "In ruling on the renewed motion, a court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." *Id*. A court may grant a motion made under Rule 50(b) only "if there is no legally sufficient evidentiary basis for a reasonable jury to find for the [non-moving] party." *Cline v. Wal–Mart Stores*, 144 F.3d 294, 301 (4th Cir. 1998) (citations omitted). "[T]he evidence and all reasonable inferences from it are assessed in the light most favorable to the non-moving party, and the credibility of all evidence favoring the non-moving party is assumed." *Crinkley v. Holiday Inns, Inc*., 844 F.2d 156, 160 (4th Cir. 1988) (internal citations omitted). "If reasonable minds could differ about the result in this case, [a court] must affirm the jury's verdict." *Bryant v. Aiken Reg'l Med. Centers, Inc*., 333 F.3d 536, 543 (4th Cir. 2003).

**Discussion**

Plaintiff claims the jury's verdict was in error because Defendant's driver, as a matter of law, violated the statutory duties imposed upon him under South Carolina law. Specifically, Plaintiff argues that Mr. Parker violated either or both of the following sections of the South Carolina Code of Laws:

> The driver of any vehicle shall not turn such vehicle so as to proceed in the opposite direction unless such movement can be made in safety and without interfering with the other traffic.

S.C. Code Ann. § 56-5-2140(a) (emphasis added).

> The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

2

S.C. Code Ann. § 56-5-2350.

After thoroughly reviewing the record in the case, the Court finds that there is an evidentiary basis to support the jury's finding that Defendant was not negligent.[1]

First, as this Court explained when it initially denied Plaintiff's motion for judgment as a matter of law, Defendant offered both an accident reconstructionist and a traffic safety expert. The cumulative effect of their testimony was that Defendant's driver had the right of way because Plaintiff's vehicle was approaching from a considerable distance. As such, Defendant's driver was not interfering with the safety of other traffic by making his turn.

Second, Mr. Parker himself testified that he stopped, checked for other traffic, saw no traffic that was close enough to constitute a safety hazard, and then proceeded to make his turn. Assuming Mr. Parker's credibility, which this Court must for purposes of this Motion, his testimony indicates that Plaintiff's vehicle was not so close as to constitute an immediate hazzard, and that Mr. Parker made his turn under circumstances indicating he could have made the turn safely.

One of Plaintiff's central arguments appears to be that because a collision occurred and there was no testimony that Plaintiff exceeded the posted speed limit, then as a matter of law Defendant's driver violated the two statutes. [*See* Reply, Doc. # 135, at 6 ("Because there was a collision, it is inescapable Parker misjudged Plaintiff's speed and/or distance."] However, as discussed above, Mr. Parker testified that no vehicle was near to him when he began to make his turn, and Defendant's expert testified that Plaintiff would have had time to see Defendant's truck and yield accordingly. Thus, assessing the evidence and all reasonable inferences therefrom in Defendant's favor, a reasonable juror could conclude that Plaintiff was a significant distance

---

[1] The Court will assume, without deciding, that Plaintiff did not waive the arguments raised herein. Thus, the Court need not address Defendant's arguments regarding waiver.

away from Defendant's truck when it began turning. While Plaintiff argues that it is "inescapable" that Mr. Parker misjudged Plaintiff's speed, a "reasonable mind[] could differ" and infer from the evidence that Plaintiff was exceeding the speed limit or that Plaintiff had time to slow or stop in order to yield to Defendant's truck. *See Bryant*, 333 F.3d at 543.

Third, several South Carolina cases support this Court's holding. In *Carter v. Beals*, 248 S.C. 526, 151 S.E.2d 671, (1966), the South Carolina Supreme Court held as follows:

> We think the evidence heretofore recited when considered in the light most favorable to the respondent presented an issue of fact for jury determination, which included the question of whether the automobile operated by the appellant when approaching on Wichman Street constituted an immediate hazard when the respondent entered the intersection. It could be concluded from the testimony of the respondent that when he entered Wichman Street, *the automobile operated by the appellant did not constitute an immediate hazard for the reason that a prudent person would have had ground to believe that such a motor vehicle proceeding at a lawful speed was so far distant from the intersection that he could safely cross the intersection in advance thereof.*

*Id.* at 533, 151 S.E.2d at 675 (emphasis added); s*ee also Warren v. Watkins Motor Lines*, 242 S.C. 331, 130 S.E.2d 896 (1963) (finding a jury question presented on the issue of failure to yield the right of way where there was conflicting evidence as to whether a vehicle was approaching so closely as to constitute an immediate hazard). Here, there was ample evidence presented that Plaintiff's vehicle was "so far distant" that it did not constitute an immediate hazard.

## Conclusion

Based on the foregoing, **IT IS THEREFORE ORDERED** that Plaintiff's Motion [Doc. # 114] is **DENIED.**

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Court Judge

May 15, 2013
Florence, South Carolina