IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jimmie Dale Bryant, ) | Civil Action No.: 4:11-cv-02254-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Trexler Trucking, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on Defendant's Bill of Costs. Plaintiff filed this lawsuit alleging negligence against Defendant pursuant to a vehicular collision that occurred on April 24, 2009, between Plaintiff and a truck owned and operated by Defendant. On March 15, 2013, a jury returned a complete Defense verdict, and the Clerk accordingly entered judgment for Defendant on March 19, 2013.[1] Defendant initially filed a Bill of Costs on March 22, 2013, and a Supplemental Bill of Costs on April 1, 2013, requesting costs totaling $16,450.48. Plaintiff filed numerous objections to the Bill of Costs. Defendant responded by challenging some of Plaintiff's objections, while conceding others. Because of these concessions, Defendant filed an Amended Bill of Costs on April 18, 2013, requesting costs totaling $9,380.87.

## Legal Standard

Prevailing parties are entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs and there exists a presumption to that

---

[1] Plaintiff also filed a Renewed Motion for Judgment as a Matter of Law and for a New Trial [*see* Mot. for New Trial, Doc. # 114], which this Court denied by way of a written order.

effect. *Cherry v. Champion Intl. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). "To overcome the presumption, a district court 'must justify its decision [to deny costs] by 'articulating some good reason for doing so.'" *Id*. (citing *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994)). The expenses which may be taxed are listed in 28 U.S.C. § 1920 and Local Civil Rule 54.03.

### Discussion

**I.    Prevailing party**

As an initial matter, Plaintiff argues that Defendant is not a prevailing party given the parties' purported pre-trial "high-low" agreement. This argument is without merit.

First, neither party has ever placed any "high-low" agreement on the record or sought to do so. Thus, Plaintiff cannot seek by way of this Motion to enforce any purported private agreement between the parties. As the Fourth Circuit has explained, "a private settlement agreement [is not] enforceable by a district court as an order of the court unless the obligation to comply with its terms is 'made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'" *Smyth v. Rivero*, 282 F.3d 268, 280–81 (4th Cir. 2002) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)).

Second, the jury's verdict in this case speaks for itself. The jury found that Defendant was not negligent, and this Court entered judgment in favor of Defendant. Plainly, Defendant was the prevailing party in this case and is entitled to appropriate costs under Rule 54(d)(1).

**II.   Plaintiff's specific objections to costs**

Defendant's Amended Bill of Costs includes fees of the Clerk, fees for service of summons and subpoena, printing costs, fees for witnesses, docket fees, and other costs. In his objections, Plaintiff objects to the following costs:

| | |
|---|---|
| Fees and disbursements for printing | $176.66 |
| Color copies and fees for videotaping depositions noticed by Defendant | $710.20 |
| Fees for videotaped depositions noticed by Plaintiff | $470.20 |

The Court will consider each of the above items of costs in turn.[2]

### A.    Fees and disbursements for printing

District of South Carolina Local Rule 54.03 sets forth the costs that are "normally allowed" in this district. Subsection (D) discusses fees and disbursements for printing, and

---

[2] This Court will not address those costs which Defendant removed from the Amended Bill of Costs in response to Plaintiff's objections. The Court also notes that Defendant's Amended Bill of Costs does not include the costs of procuring a transcript of the trial of this case, though Defendant previously filed Supplemental Bill of Costs including this information. Defendant request in its response to Plaintiff's objections that this Court award costs of the trial transcript. To the extent Defendant is still seeking the cost of a trial transcript, the Court denies this cost. The District of South Carolina's Local Civil Rule 54.03(C)(1)(a) allows for the taxation of costs for a trial transcript in the following situations:

> (i)    When requested by the Court (which is rare). Mere acceptance by the Court does not constitute a request;
>
> (ii)   At trial stage when, prior to incurring expense, the Court determines that it is necessary;
>
> (iii)  When prepared pursuant to stipulation of parties with agreement to tax as costs; and
>
> (iv)   When used on appeal.

Here, Defendant ordered a trial transcript shortly after Plaintiff filed his Motion for a New Trial. However, the Court never requested a transcript or determined that such a transcript was necessary. Further, there has been no appeal in this case and the parties never agreed to tax a trial transcript as costs. While Defendant may have well used the transcript in responding to Plaintiff's Motion, it never sought leave from this Court to order such a transcript. The Court therefore denies this cost, particularly in light of the Local Rule's admonition that "[w]hen there is no appeal, the trial transcript is *rarely* taxed unless *necessity is shown* because of the facts and complexities of a particular controversy." Local Civ. R. 54.03(C) (emphasis added).

provides that "[t]hese are not usually involved in trial court proceedings, but rather are taxed by the United States Court of Appeals and allowance added to costs recoverable in trial court . . . ." Subsection (F) also allows for copies that are necessarily obtained for use in the case. *See also* 18 U.S.C. § 1920 (stating that the Court may tax as costs "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case").

Here, Defendant seeks costs for printing jury questionnaires. Plaintiff claims there is no authority for awarding such costs to Defendant. However, a recent case from this district specifically held,[3] over a plaintiff's objection, that "[t]he costs of copying the court's juror questionnaires are properly taxable . . . ." *Allen v. Apple-J, L.P.*, No. 3:10–01633, 2013 WL 1857549, at *2 (D.S.C. May 2, 2013); *see also Lasher v. Day & Zimmerman Intern., Inc.*, No. 6:06-1681, 2008 WL 4449953, at *2 (D.S.C. Sept. 26, 2008) ("This court finds that the copying costs for the jury questionnaires is a taxable cost."). The Court therefore awards these costs to Defendant.

### B.     Color copies and fees for videotaping depositions noticed by Defendant

Local rule 54.03(H) allows an appearance fee, "costs of original transcription", and postage as costs incident to a deposition. Plaintiff objects to Defendant's costs associated with making color copies and videotaping the depositions.

As to color copies, Defendant spent $30.00 procuring copies of exhibits presented in the deposition of Woodrow M. Poplin, Plaintiff's accident reconstruction expert. As discussed above, costs of copies are plainly taxable. Plaintiff gives no reason for his objection other than

---

[3] Defendant also attaches as an exhibit a bill of costs filed before another judge in this district where it appears a prevailing plaintiff sought and received costs for printing jury questionnaires without objection. [*See* Bill of Cost in *Grant v. Bedford*, Doc. # 133-1.]

4

these were color copies. This Court can find no authority indicating a *per se* ban on taxing the costs of color copies. Here, the costs were limited and used to reproduce exhibits in the deposition of an expert who was central to Plaintiff's case. The Court will allow these costs.

As to the videotaping of two witnesses in the event they were unavailable for trial, this is also an allowable cost. As the Fourth Circuit has explained, "[e]ven though [the statutory provision allowing costs incident to a deposition] does not make explicit mention of costs associated with videotaping a deposition, we agree with the Tenth Circuit's conclusion that 'section 1920(2) implicitly permits taxation of the costs of video depositions.'" *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448 (4th Cir. 1999) (*quoting Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997)). In addressing a similar issue, the Eleventh Circuit Court of Appeals has held that "when a party notices a deposition to be recorded by stenographic means, or by both stenographic and non-stenographic means, and no objection is raised at that time by the other party to the recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conduction the deposition in the manner noticed." *Morrison v. Reichold Chemicals, Inc.*, 97 F.3d 460, 464–465 (11th Cir. 1996).

### C.     Fees for videotaped depositions noticed by Plaintiff

Plaintiff also objects to being taxed the costs associated with Defendant obtaining copies of the videotaped depositions noticed by Plaintiff. Plaintiff cites no basis for his objection other than arguing that there is no statute or rule that provides for taxation of these costs. As discussed above, the cost associated with obtaining copies of videotaped depositions is taxable. The Court will therefore allow these costs.

### **Conclusion**

For the reasons stated above, Defendant is awarded costs in the amount of **$9,380.87**. These costs shall be included in the judgment of this Court.

**IT IS SO ORDERED.**

                                           s/ R. Bryan Harwell
                                           R. Bryan Harwell
                                           United States District Court Judge

May 15, 2013
Florence, South Carolina